JOHN S. SHERRELL, Respondent, v. JOHN L. MURRAY, Appellant.

St. Louis Court of Appeals, April 5, 1892.

| 49 | 233 |
| 92 | 510 |
| 49 | 233 |
| 99 | 1166 |
| 99 | 1215 |

1. **Evidence:** JUDICIAL NOTICE: POWERS OF CITY TO RESTRAIN RUNNING AT LARGE OF ANIMALS. Courts will take judicial notice of the power of a city by ordinance to restrain the running of hogs at large within the corporate limits of the city, outside of the owner's inclosure.

2. **Instructions:** NOT SUPPORTED BY EVIDENCE. An instruction, not supported by any evidence in the cause, is erroneous.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED AND REMANDED (*with directions*).

*Squire & Wilkinson,* for appellant.

No brief filed for respondent.

ROMBAUER, P. J.—This is an action of replevin, begun before a justice of the peace, for the recovery of the possession of six head of hogs. The plaintiff had judgment for possession in the circuit court on appeal, and the defendant assigns for error that the judgment is erroneous under the conceded facts, and that the court misdirected the jury as to the law.

Plaintiff's ownership of the animals is conceded. The defendant is marshal of the city of Willow Springs, and justifies the taking and detention of the hogs under an ordinance of the city, the material portions of which are as follows:

"*An Ordinance Concerning Hogs Running at Large.* Be it ordained by the board of aldermen of the city of Willow Springs as follows:

"Sec. 1. The mayor shall elect and establish a place within the corporate limits for impounding hogs.

"Sec. 2. The marshal (or any police officer) shall take up any hog running at large on the public streets or places, and impound it. He shall at once give notice to the owner, if known; if not, by one week's publication in some newspaper of general circulation in the city, or by posting notices in three public places, describing the hog, and giving the date and place of sale; that it will be sold to defray costs, if it is not

reclaimed and costs paid within a week from publication of said notice; if not then claimed, he shall sell the hog at public auction, apply the proceeds to the payment of the poundage and expenses, and retain the balance in trust for the owner of the hog. If the balance is not claimed within a year from the sale, it shall be paid into the general fund of the city.

"Sec. 3. The following shall be the fees charged as poundage, all of which shall be paid to the marshal or pound-keeper, who shall have charge of the pound. For each seizure fifty cents; for each day's retention of each hog, twenty-five cents; for each auction, regardless of hogs sold, fifty cents."

It appears, both by the plaintiff's and defendant's evidence, that plaintiff's hogs were running at large and impounded only shortly before; that they were turned out the preceding time upon plaintiff paying a nominal charge; that, upon the day in question, they were impounded again, of which fact the plaintiff had notice at once; that he thereupon called upon the defendant, demanding his hogs, and the defendant told him he would have to pay $1.50, or twenty-five cents for each hog, before they were turned out; that the plaintiff refused to do so, and immediately thereafter and on the same day instituted this action.

It is difficult to see how, upon this state of the evidence, there was any question in the case left for the consideration of the jury. We are bound to take judicial notice of the fact that all town corporations, by the laws of this state, have power to pass ordinances to regulate and prohibit the running at large of hogs and other animals in the streets and alleys of such town, and all city corporations have power by ordinance to restrain any animal from running at large within the corporate limits of the city outside of the owner's inclosure.

There is no pretense in the evidence that the hogs were not running at large within the corporate limits when taken up, and, in the absence of any evidence on that subject, the presumption is that the defendant, as city marshal, did his duty. The ordinance, when introduced, was objected to as invalid, without specifying any ground of objection, and the court properly overruled the objection, and admitted it in evidence.

The court, of its own motion, gave the following instruction, the concluding part whereof, placed in italics, probably furnishes the explanation of how the jury arrived at this extraordinary verdict: "The court instructs the jury that the ordinance introduced in evidence by the authority of which the defendant claimed to hold the hogs in question is a legal ordinance, and that the city of Willow Springs had authority to pass such an ordinance; and, if you shall find from the evidence that the defendant was, at the time said hogs were taken up by him, acting as marshal of said city of Willow Springs, and took up such hogs by virtue of the ordinance introduced in evidence and held them by virtue of such ordinance, you must find for the defendant, and assess his damages at the amount of the legal charges prescribed by such ordinance, *unless you further think defendant failed to comply with the provisions of such ordinance himself.*"

Now there was no evidence whatever in the case that the defendant failed to comply with the provisions of such ordinance himself, and what the jury might have *thought* on that subject was wholly immaterial. The only conceivable departure by the defendant from his duties under the ordinance was that he demanded twenty-five cents only for each hog, whereas he was entitled to at least fifty cents. If he would have demanded more than he was entitled to, it would have been the duty of the plaintiff to tender what was justly

due as a condition precedent to his right of recovery in an action of replevin, but his having demanded less cannot even furnish a pretense for the action. Nor could it for a moment be contended that the defendant's failure to give notice to the owner *at once*, assuming that the notice relates to the taking up of the hogs and not to their sale, cut any figure in this case. All the testimony concedes that the owner knew of it *at once*, that is, within a few hours, and replevied the hogs the same day. The defendant testified that he gave to the plaintiff personal notice at once, and even the plaintiff admitted that he knew of the fact the same morning when it occurred. The law of the case was correctly declared by the court, if we reject the modification placed in italics above. The modification was wholly unwarranted by any evidence in the case, and only furnished a pretext to the jury to find a verdict for the plaintiff, of which it would seem they readily availed themselves.

The judgment will be reversed and the cause remanded with directions to the trial court to enter a judgment in favor of the defendant and against the plaintiff and his sureties in the replevin bond for the return of the property and costs, the plaintiff to have the option of satisfying such judgment by the payment of $3 and costs to the defendant, such amount being the ascertained value of defendant's interest in the property. So ordered. All the judges concur.