# WILLIAM DORTON, Respondent, v. W. R. BURKS et al., Appellants.

### St. Louis Court of Appeals, March 3, 1903.

Cities of the Fourth Class: IMPOUNDING OF STOCK RUNNING AT LARGE: ORDINANCE: NEGLIGENCE OF OWNER OF STOCK. An owner may not be liable for penalties prescribed by an ordinance for allowing stock to run at large inside the limits of a city, unless he is guilty of some negligence, but a city of the fourth class under its charter power has the right to take up and impound stray animals when found within its borders, whether they escaped through the negligence of the owner or not.

Appeal from St. Francois Circuit Court.—*Hon. James D. Fox*, Judge.

REVERSED AND REMANDED.

*B. H. Marbury* and *G. M. Wilson* for appellants.

(1) The matter of restraining stock from running at large by a municipal corporation pertains to the police power, and the wrongs complained of having been caused by an act of an officer of the city while attempting to enforce a police regulation, the maxim *respondeat superior* does not apply; therefore, defendants' demurrer, offered at the close of plaintiff's testimony, should have been sustained. McVey v. Barker, 92 Mo. App. 498; Culver v. City of Streator, 130 Ill. 238; McVey v. Baker, 88 Mo. App. 515. (2) Under the charter of the city of Farmington, a city of the fourth class, an ordinance authorizing the impounding of cows running at large therein is a valid exercise of police power, irrespective of any fault or negligence of the owner in allowing the animals to be at large. McVey v. Barker, supra; Sherrell v. Murray, 49 Mo. App. 233. (3) When an animal is found

running at large within the corporate limits of a municipality and is lawfully impounded, it may be subjected to reasonable  charges for its  restraint; and the owner is not relieved even though the animal escaped without his knowledge or fault, and even though he used "requisite diligence." McVey v. Barker, supra; Spitler v. Young, 63 Mo. 42; Sherrell v. Murray, 49 Mo. App. 233; Howlett v. Erie, 79 Mo. App. 657.

No brief for respondent.

GOODE, J.—This is an action of replevin instituted by respondent Dorton against appellant Burks, marshal of the city of Farmington, and against the city of Farmington itself, to recover possession of a cow which had been taken up by the marshal while straying inside the city limits and placed in the city pound by virtue of an ordinance authorizing that action.  The cow had strayed once before into the city limits and had been impounded,  on which occasion Dorton had paid the costs of her restraint, whereupon she was restored to him.  She strayed again during the latter part of December, 1900, and being found inside the city, was taken up by Burks, the marshal, about the first of January, and Dorton notified.  Instead of paying the costs this time, Dorton demanded that the cow be delivered to him forthwith, declining to pay anything.  Burks  offered to  release her if Dorton would pay the expense of taking her up, but instead of doing so the latter instituted an action to recover possession and succeeded in obtaining a verdict in the court below.

Farmington is a city of the fourth class, and this case is in no material respect different from Jeans v. Morrison, 99 Mo. App. (St. L.) 228, or two other cases which  were  formerly  decided by this  court. Sherrell v.  Murray, 49 Mo.  App. 233;  McVey v. Barker, 92 Mo. App. 498.

The court instructed the jury on the theory that the city of Farmington had no right to impound the animal and hold her until the expense of her detention was paid unless she escaped from the farm of the respondent (some four miles from the city,) through his carelessness. Such is not the law. An owner may not be liable for penalties prescribed by an ordinance for allowing stock to run at large inside the limits of a city, unless he is guilty of some negligence; but a city of the fourth class, under its charter power, has the right to take up and impound stray animals when found within its borders whether they escaped by the owner's negligence or not. McVey v. Barker, supra. The defense to this action was complete and plaintiff was not entitled to recover possession of his cow until he paid the reasonable cost of impounding and keeping her.

The ordinance of the city of Farmington which directs the sale of impounded stock, calls for a very short notice of the date of sale and does not provide for an order of sale by the police judge or any other tribunal. There might be some question whether said ordinance is reasonable as to the notice of sale and proceedings anterior thereto if there had been a sale of the animal. That point, however, is not involved on this appeal because no sale took place, as Dorton instituted his replevin suit while the cow was still in the pound.

The judgment is reversed and the cause remanded to be disposed of in conformity to this opinion. *Bland, P. J.,* and *Reyburn, J.,* concur.